Metcalf, J.
The first point taken by the defendants in argument is, that the action cannot be maintained in the name of the plaintiffs, and that it should have been brought in the name of Cudworth. But we are of opinion, that the assignments of the policy, with the express consent of the defendants, enable the assignees to sue on it in their own names; that such consent to the assignments operates as a promise to pay the loss to them. See Crocker v. Whitney, 10 Mass. 316 ; Wilson v. Hill, 3 Met. 69. If, as the defendants admit, the plaintiffs’ assignment to Cudworth authorized him to sue in his name, we do not see why his assignment to them does not authorize them to sue in their names.
The next point taken by the defendants is, that there is a variance between the declaration and the policy declared on, which rendered the policy inadmissible in evidence. It is contended that, by the policy, the loss is made payable on three conditions precedent, which are not all mentioned in either of the counts in the plaintiffs’ declaration, and therefore that neither of the counts is supported by the policy. In order to make this point intelligible, it is necessary to set forth the policy. [Here the judge recited that part of the policy, set forth, ante, 396].
In the brief which has been presented to the court by the defendants’ counsel, this position is taken: “ The policy is on condition, first, that the insured shall take all the risk from cotton waste; second, that after loss, and within thirty days, *401 the insured will notify the defendants thereof forthwith; and third, that as soon afterwards as practicable they will furnish the defendants a particular statement of the loss, under oath, and a certificate of the nearest magistrate to the facts.”
As to the first of these alleged conditions: The words, “ on condition that the applicants take all risk from cotton waste,” are most awkwardly inserted between the statement of the sums insured on the property, and the statement of the place where the property was situate; and we cannot conjecture any reason for inserting them there, except that in the printed form of a policy, which was used and filled up, in this case, there happened to be left there the only blank space in which they could be written. But though the term “ condition ” is used, yet these words do not constitute a condition, in its legal sense, as it is defined or described in all the law dictionaries. For, from the nature of the case, there was nothing which the insured or any other party was to do or to omit, by way of performing the supposed condition, and no event was lo happen in order that it might be saved. What then are the legal meaning and effect of these words ? We are of opinion that they are to be regarded as a proviso added to the policy, and expressing the intention of the defendants not to insure against the risk of fire originating in cotton waste, nor to pay a loss caused by a fire thus originating. We cannot regard the words as an exception to the loss by fire, for which the defendants promised to pay; for they are not inserted in that part of the policy which contains the promise to pay, nor are they there referred to ; but they are inserted in the preamble or recital which precedes the promise. If they had been inserted after the words, “ burnt, destroyed or demolished by reason or means of fire,” perhaps they might have constituted an exception, which the plaintiffs should have noticed and negatived in their declaration. See Vavasour v. Ormrod, 6 Barn. & Cres. 430; Lounsbury v. Protection Ins. Co. 8 Conn. 459.
We have expressed our opinion, in this place, concerning the legal meaning and effect of the words in question, not *402 because il, was necessary for the purpose of deciding the matter of variance, but for an ulterior purpose, which will appear when we come to the last question in the case. For, admitting the defendants’ construction of the policy to be correct, their objection of variance cannot prevail; because the second count in the plaintiffs’ declaration alleges that the defendants insured the property on condition that the insured should take all risk of cotton waste. So far, then, as respects this condition, (so termed,) the policy precisely met the allegation in that count, and was rightly admitted in evidence, to prove it. Unless, therefore, there is in the policy some other condition, which is not mentioned in the second count, the objection of variance entirely fails.
The defendants relied on a second condition in the policy, to wit, that after loss, and within thirty days, the insured should give notice thereof to the defendants “ forthwith.” In the policy, the defendants promised, according to the provisions of their act of incorporation, to pay or satisfy the sum of two thousand dollars, within three months after a loss by foe, “ and due notice thereof given, as aforesaid.” There is in the policy no previous mention of notice, and therefore we cannot give any effect to the words “ as aforesaid,” but must treat them as surplusage. Certainly they cannot be construed as introducing into the policy a condition that any particular form of notice, prescribed elsewhere, shall be prerequisite to a party’s right to recover a loss against which the defendants have engaged to indemnify him. Reasonable notice, or, in the words of the policy, “ due notice,” is all that the plaintiffs were bound, either by the terms of the policy, or the rules of the common law, to give to the defendants. The argument for the defendants, is, that “ notice given as aforesaid,” refers to the act incorporating them, which had been previously referred to in the policy, and the seventh section of which provides, that “ when any person shall sustain any loss, by fire, of buildings or other property insured by said company, he shall, within thirty days after such loss, give notice thereof in writing, at the office of said company.” And it is further argued that the policy has reference to the defendants’ by *403 laws, the eleventh article of which is, that “ all persons insured in this company, and sustaining loss or damage by fire, are forthwith to give notice thereof, as required by the act of incorporation.” But as we have already said, we cannot refer the notice to be “ given as aforesaid,” to the act of incorporation or to any thing else. If the defendants meant so, they have not intelligibly said so. And the by-laws are not referred to in the policy, and form no part of it. Nor are the plaintiffs bound by them, as such, or by any of the provisions in them. The policy, therefore, is not on a condition that the insured will, within thirty days after a loss, give the defendants notice thereof forthwith; whatever the meaning of those words, taken together, may be.
The third and last alleged condition in the policy, on which the defendants rest their objection of variance, is that the plaintiffs should furnish them with a statement of the loss, according to the eleventh article of their by-laws. But we have already disposed of this point; having decided that nothing in the by-laws can be invoked into the policy. The plaintiffs were not bound to furnish a statement of their loss, certified by a magistrate, as soon as practicable, or at any time. And this is also an answer to the objection taken to the ruling at the trial, that the plaintiffs need not show that the statement of loss, which they did make to the defendants, was as soon as practicable, and that the magistrate, who gave the certificate, was most contiguous to the place of the fire.
If the provision, as to notice of loss, in the seventh section of the act incorporating the defendants, is not a condition, but is, as we have no doubt, merely directory, then it is very clear that it was not necessary for the plaintiffs to prove that they gave notice according to that provision. And though it was contended, at the trial, that the plaintiffs must prove such notice, and exception was taken to the ruling of the court to the contrary, yet the exception was waived, at the argument the defendants’ counsel admitting that it could not be sustained.
Whether there was any other variance between the declara *404 tion and the policy, besides those above mentioned, we need not inquire; because no other was mentioned at the trial. If any other had then been suggested, and found to exist, the plaintiffs might have had leave to amend. It is now too late to bring forward any new objection of this kind. Nor can we, in this stage of the case, be called on to inquire whether the declaration is good or bad.
As Cudworth was a competent witness, his declarations, which the defendants attempted to give in evidence, were properly excluded.
The last question in the case is, whether the jury ought to have been instructed, “that the burden was on the plaintiffs to prove that the loss accrued in some other way than from cotton waste.” And this question is virtually decided by the decision that the words, “ on condition that the applicants take all risk from cotton waste,” have not the effect of an exception, but of a proviso: namely, to defeat the defendants’ promise, conditionally, and avoid it by way of defeasance or excuse. It is a familiar doctrine, that the party for whom matter of excuse is furnished, whether by statute or by agreement, must bring it forward in his defence, and support it by evidence. Judgment on the verdict.